```
                                                       CLERK'S OFFICE U.S. DIST. COURT
                                                              AT DANVILLE, VA
                                                                   FILED
                                                              for Roanoke
         IN THE UNITED STATES DISTRICT COURT
        FOR THE WESTERN DISTRICT OF VIRGINIA                  DEC - 7 2006
                    ROANOKE DIVISION
                                                           JOHN F. CORCORAN, CLERK
                                                           BY:
                                                                 DEPUTY CLERK
```

| | |
|---|---|
| PAUL CARRIER, ) | |
| Petitioner, ) | Civil Action No. 7:06-cv-00703 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| COMMONWEALTH OF VIRGINIA, ) | |
| OF VIRGINIA, et al., ) | By: Hon. Jackson L. Kiser |
| Respondents. ) | Senior United States District Judge |

Petitioner Paul Carrier, a Virginia inmate proceeding pro se, brings this action as a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Petitioner alleges that a detainer against him in Volusia County, Florida, for a probation violation charge violates the Interstate Agreement on Detainers ("IAD"). He asks this court to dismiss the "DETAINER AND CHARGES FROM VOLUSIA COUNTY FLORIDA [SIC], ALTOGETHER, WITH PREJUDICE." After thoroughly reviewing Carrier's petition, I conclude that he is not entitled to relief.

Article III of the IAD provides "a procedure by which a prisoner incarcerated in one [state] may demand the speedy disposition of 'any untried indictment, information or complaint on the basis of which a detainer has been lodged against the prisoner' by another [state]." Carchman v. Nash, 473 U.S. 716, 720 (1985). In Carchman, the Supreme Court held that Article III does not apply to detainers based on probation violation charges. Id. at 725-26.*

Accordingly, the relief petitioner seeks is not available.

The petitioner is advised that he may appeal this decision, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if a circuit court of appeals justice or this court issues a certificate of appealability, pursuant to 28 U.S.C. § 2253(c). A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. §2253(c)(1). Petitioner has failed to demonstrate "a substantial showing of the denial of a

---

* Moreover, "violation of the IAD affords no ground for federal habeas corpus relief, absent a showing that there resulted a fundamental defect . . . ." Grandison v. Corcoran, 78 F.Supp.2d 499, 516 (D.Md. 2000) (citations omitted), appeal dismissed, 225 F.3d 654 (4th Cir. 2000), cert. denied, 532 U.S. 996 (2001).

1

constitutional right." Therefore, this court declines to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322 (2003); Slack v. McDaniel, 529 U.S. 473 (2000). If petitioner intends to appeal and seek a certificate of appealability from the Circuit Court of Appeals for the Fourth Circuit, his first step is to file a notice of appeal with this court within 30 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to petitioner.

**ENTER**: This 7th day of December, 2006.

/s/ Jackson L. Kiser
Senior United States District Judge